UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Yociris P., | File No. 26-cv-1080 (ECT/EMB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff of Kandiyohi County*, | |
| Respondents. | |

---

M. Boulette, Minneapolis, MN, for Petitioner Yociris P.

Friedrich A.P. Siekert, Trevor Brown, and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

Petitioner Yociris P. is a citizen of El Salvador[1] who has lived in the United States since February 2023. Pet. [ECF No. 1] ¶¶ 1, 14. On January 19, 2026,[2] Immigration and

---

[1] One paragraph of the Petition states that "Petitioner is a citizen of Venezuela." Pet. ¶ 8. This appears to be a typographical error, but no one asserts that the legal analysis would change if Yociris was a citizen of Venezuela. *See* ECF No. 6.

[2] Respondents answer states that "[o]n December 20, 2026, Immigration officials detained her." *See* ECF No. 6 at 1 (citing Pet. ¶¶ 7, 13, 14, 16). This too appears to be a typographical error, because three of the cited paragraphs do not address the date on which Yociris was detained, and the Petition refers to Yociris with male-gendered pronouns.

Customs Enforcement ("ICE")—or its agents—arrested Yociris as part of "Operation Metro Surge." *Id.* ¶¶ 16, 18. The Petition alleges, "[u]pon information and belief," that the agents "did not have a warrant to arrest [Yociris]." *Id.* ¶ 16. Yociris is currently detained in ICE custody at the Kandiyohi County jail. *Id.* ¶¶ 13, 17. Respondents[3] do not dispute these facts. *See* ECF No. 6 at 1 & n.2.

Yociris challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 3. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 28–31; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Yociris, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 32–48. Yociris seeks issuance of a writ of habeas corpus requiring his release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); release conditions to ensure his release in Minnesota without conditions, his safety, and the return of his personal effects; issuance of an order enjoining his transfer outside this District during the pendency of his Petition; that the Court retain jurisdiction over this matter to decide any future motion for attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." Pet. at 15–16.

---

[3]   When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings. *See* Dkt.

Recognizing that "this case presents similar legal and factual issues to prior habeas petitions," Respondents argue that Yociris is subject to mandatory detention under 8 U.S.C. § 1225  *See* ECF No. 6 at 2–11.  This raises an issue of statutory interpretation[4] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Yociris has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a).  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing,

---

[4]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Yociris's Petition, *see* ECF No. 6 at 3 (arguing "this Court does not now and never had subject matter jurisdiction over this habeas petition"), consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Yociris has lived in the United States for approximately three years, Pet. ¶ 14, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[5]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that

---

[5]  Respondents do not argue that Yociris is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Yociris's detention. *See* ECF No. 6.

4

"[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, the Petition alleges that Yociris was arrested without a warrant. Pet. ¶ 16. Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Yociris's] arrest necessitates [Yociris's] immediate release." ECF No. 4 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that justifies Yociris's detention under § 1226(a) without a warrant. *See* ECF No. 6 at 11–12. Specifically, Respondents do not indicate why any of 8 U.S.C. § 1357's exceptions to the warrant requirement would apply to Yociris. *See id.* Nor do Respondents explain how the cases they cite apply in the face of 8 U.S.C. § 1226(a), which requires "a warrant issued by the Attorney General" as a predicate to discretionary detention under § 1226(a). *See id.* at 12 (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); and then citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)).

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Choglló Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same);

5

*Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[6]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Yociris P.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 8, 2026, at 2:25 p.m.         s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court

---

[6] The resolution of this statutory-interpretation question in Yociris's favor makes it unnecessary to address the Petition's remaining grounds.